# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2011

No. 11-30300
Summary Calendar

Lyle W. Cayce
Clerk

ANDRE TURNER

Plaintiff-Appellant

v.

NOVARTIS PHARMACEUTICALS CORPORATION

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-175

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Andre Turner, proceeding pro se, appeals the district court's granting of summary judgment to the defendant on all of his Title VII claims. WE AFFIRM.

## BACKGROUND

Andre Turner, an African American male, worked as a pharmaceutical representative for Novartis Pharmaceuticals starting in 2002. After Hurricane Katrina, Turner's sales numbers fell and he was ranked in the bottom ten

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30300

percent of Novartis national employees. Turner contends that the reason for this decline was that his sales area, Louisiana, was devastated by the hurricane. In August 2007, Novartis placed Turner on a 90 day Performance Improvement Plan (PIP), which was extended by 30 days in November 2007 because of the time Turner spent on a scheduled vacation.

While Turner was on PIP, his sales partner was Roberta Power, a white female. Turner claims that Power was never placed on a PIP despite her failure to meet her quota. Power also allegedly had worse sales numbers than the Appellant. Turner filed an EEOC Charge alleging that he was the victim of discrimination.

After Turner filed his EEOC complaint, Novartis conducted an investigation of alleged violations of expense account protocol by Turner. Turner had made a remark to his supervisor that indicated that Turner allowed his customers to order lunch on Turner's expense account when Turner was not present. This activity is considered misuse of the expense account. While the investigation was ongoing, Turner told Power that "if someone did something so despicable has [sic] to cause someone to loss [sic] their livelihoods they could come up missing." Turner claimed he did not know that Power was involved in the expense account investigation. Nevertheless, Power felt that Turner was threatening her because of her role in the investigation and informed her supervisor. Novartis flew Turner to corporate headquarters for an interview concerning this threatening remark. After this interview Turner was fired for admittedly making the statement in violation of company policy. Turner filed another EEOC Charge after his termination alleging that he was fired in retaliation for his first EEOC Charge.

Turner filed suit against Novartis claiming racial discrimination, hostile work environment, and retaliation. The district court entered summary judgment for the defendant and Turner appeals.

No. 11-30300

## DISCUSSION

This court reviews the grant of summary judgment de novo, applying the same standards as the district court. Fed. R. Civ. Proc. 56.

### I. Discrimination

The district court properly entered summary judgment to Novartis on Turner's discrimination claim. Under Title VII, a prima facie case of discrimination must establish that (1) the plaintiff is a member of a protected class; (2) the plaintiff was qualified for his position; (3) he suffered an adverse employment action; and (4) he was treated less favorably than a similarly situated employee not in the same protected class. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 793, 802 (1973).

The adverse employment action must be an "ultimate employment decision." In the Fifth Circuit, an ultimate employment decision includes such things as "hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). Title VII does not cover "every decision made by employers that arguably might have some tangential effect upon those ultimate decisions." *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003) (quoting *Burger v. Cent. Apartment Mgmt.*, 168 F.3d 875, 878 (5th Cir. 1999)). The district court was correct to find that placing an employee on PIP is not an ultimate employment decision. There is no evidence that Turner was demoted or received reduced compensation due to the PIP. Thus, Turner failed to establish a prima facie case of discrimination because he failed to show that a PIP was an ultimate employment decision.

### II. Hostile Work Environment

The district court correctly ruled that Turner did not exhaust his administrative remedies in relation to his hostile work environment claim. Since long before *McCain v. Lufkin Ind., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008), it has been clear that an employee must file his charge with the EEOC and

exhaust administrative remedies by requesting an investigation of the facts he claims support a Title VII claim.  Exhaustion must precede a lawsuit. Turner filed two EEOC charges, one alleging discrimination and one alleging retaliation. Neither of the two charges reasonably encompasses his new claim of a hostile work environment.  *See Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006) (finding that the scope of an EEOC charge is both the charge itself and the investigation which can "reasonably be expected to grow out of the charge of discrimination" (citation omitted)).  Because Turner did not exhaust his administrative remedies, summary judgment was proper on the hostile work environment claim.

## III. Retaliation

The district court properly granted summary judgment to the defendant on Turner's retaliation claim.  Under *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009), a plaintiff must establish a prima facie case of retaliation by showing: (1) he participated in a activity protected by Title VII, (2) he "suffered an adverse employment action by [his] employer, and (3) there is a causal connection between the protected activity and the adverse action." If the plaintiff establishes this prima facie case, the burden then shifts to the employer to give a "legitimate non-discriminatory reason for termination." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 409 (5th Cir. 1999).  If the employer can provide such a reason, then the plaintiff must prove that the employer's grounds for termination were pretextual.  *Id.*

Even if Turner may have established a prima facie case of retaliation, Novartis provided a legitimate non-discriminatory reason for termination: his threat upon Power.  Turner does not provide any evidence that this reason was pretextual.   Under the burden shifting framework of *McDonnell Douglas*, summary judgment for the defendant was justified. *See LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 393 (5th Cir. 2007).

No. 11-30300

After a careful review of the briefs, district court opinion, and the record, we find no reversible issue of law or fact.

**AFFIRMED.**